IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIEL E. KELLER | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv224 |
| DALLAS B. JONES | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Daniel E. Keller, formerly an inmate confined within the Bureau of Prisons, proceeding *pro se*, brings this lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Dallas B. Jones. The defendant was a warden at the Federal Correctional Complex at Beaumont, Texas ("FCC-Beaumont"). This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff was incarcerated at FCC-Beaumont when Hurricane Harvey made landfall in August, 2017. He complains that officials at FCC-Beaumont, including the defendant, failed to evacuate the complex before the hurricane struck. Plaintiff contends he was confined to his cell 24 hours a day from August 16, 2017, twelve days before the hurricane made landfall, through September 12, 2017.

Plaintiff states that during this period, FCC-Beaumont experienced a continuous power outage. He further alleges he suffered from dehydration, excessive heat and hunger as a result of food shortages. Plaintiff contends inmates were not provided with sufficient clean water and that the ventilation system was not functioning properly. He alleges the defendant was aware of these conditions, but failed to take action to provide relief.

Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief. A complaint is subject to dismissal for failure to state a claim if the plaintiff has failed to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

Plaintiff asserts he was subjected to unconstitutional conditions of confinement after Hurricane Harvey made landfall. For the reasons set forth below, this claim may not be pursued in a *Bivens* action.

*"Disfavored Judicial Activity"*

The Supreme Court recently restated that expanding causes of action under *Bivens* is "a 'disfavored' judicial activity." *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). Separation-of-powers principles are central to the analysis of whether *Bivens* should be expanded. The question is whether Congress or the courts should authorize a damages lawsuit. *Abbasi*, 137 S. Ct. at 1857. Mindful of separation-of-powers interests, the Court developed a two-part test. *Id*. at 1859-60. First, a court must ask whether a plaintiff's claim falls into one of three existing *Bivens* causes of action. *Oliva v. Nivar*, 973 F.3d 438, 441 (5th Cir 2020). Then, if a case does not fall into one of those causes of action, a court asks whether there are "special factors counseling hesitation" in extending the remedy available under *Bivens*. *Abbasi*, 137 S. Ct. at 1857. The special factors inquiry concentrates on "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1858. These factors include whether Congress has legislated on the right at issue. *Id*. "[I]f there is an alternative remedy structure present in a certain case," the existence of that process "alone may limit the power of the judiciary to infer a new *Bivens* cause of action." *Id*. Courts are also to consider separation-of-powers concerns. *Hernandez v.*

*Mesa*, 885 F.3d 811, 818 (5th Cir. 2018) (*en banc*).  "[T]he only relevant threshold–that a factor counsels hesitation–is remarkably low." *Id*. at 823.

The three existing *Bivens* causes of action are as follows:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90, 91 S. Ct. at 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman,* [442 U.S. 228 (1979)]; and (3) failure to provide medical attention to an asthmatic person in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, [446 U.S. 14 (1980)].

*Oliva*, 973 F.3d at 442.  "Virtually everything else is a 'new context,'" *Id*. (quoting *Abbasi*, 137 S. Ct. at 1865), because the case needs only be "different in [one] meaningful way from previous *Bivens* cases" for the "context [to be] new." *Abbasi*, 137 S. Ct. at 1859.  "[E]ven a modest extension [of *Bivens*] is still an extension." *Abbasi*, 137 S. Ct. at 1864.

*Unconstitutional Conditions of Confinement*

A claim that an inmate was subjected to unconstitutional condition of confinement presents a new *Bivens* context because the Supreme Court has not previously recognized an implied cause of action for this type of claim.  *Mammana v. Barben*, 856 F. App'x 411, 413-414 (3rd Cir. 2021); *Schwarz v. Meinberg*, 761 F. App'x 732, 734 (9th Cir. 2019); *Silva v. Ward*, No. 1:16cv185, 2019 WL 4721052, at *3-4 (W.D. Wis. Sept. 26, 2019).  The claim is different in a meaningful way from the claims recognized in *Bivens, Davis* and *Carlson*.  Specifically, this Eighth Amendment claim is a different context from the Eighth Amendment medical claim recognized in *Carlson*.  *Sebolt v. Tyndall*, No. 19cv429, 2021 WL 4948959, at *3 (N.D. Ind. Oct, 25, 2021); *Thomas v. Matevousian*, No. 1:17cv1592. 2019 WL 266323, at * 1 (E.D. Ca. Jan. 18, 2019).  A claim arises in a new context even if it is based on the same constitutional provision as a case in which a damages remedy has previously been recognized.  *Hernandez*, 140 S. Ct. at 743.

In addition, there are special factors counseling hesitation.  As the United States Court of Appeals for the Fifth Circuit stated in *Watkins v. Martinez*, No. 20-20781, 2022 WL 278376, at *1 (5th Cir. Jan. 31, 2022), the Federal Tort Claims Act and the Administrative Remedy Program of the Bureau of Prisons provide alternative methods of relief.  Further, like in *Watkins v. Three Admin. Remedy Coordinators of the Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021), the Prison

Litigation Reform Act counsels hesitation as Congress, when it had an opportunity to do so, failed to provide for a damages remedy against federal employees who expose inmates to unconstitutional conditions of confinement.

If any special factor exists, a court must refrain from expanding *Bivens*. *Canada v. U. S.*, 950 F.3d 299, 309 (5th Cir. 2020). Here, more than one factor counsels hesitation. As a result, special factors counseling hesitation prevent the expansion of the remedy available under *Bivens* to unconstitutional conditions of confinement claims. *Mamana*, 856 F. App'x at 416; *Sebolt*, at *4; *Thomas*, at *2.

Based on the foregoing, an exposure to unconstitutional conditions of confinement claim under the Eighth Amendment may not be brought pursuant to *Bivens*. Plaintiff has therefore failed to state a claim upon which relief may be granted.

## Recommendation

This *Bivens* lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 22nd day of May, 2024.

_____
Zack Hawthorn
United States Magistrate Judge